IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-10070
Summary Calendar
_____

ISA DANASABE YUSUFU,

Petitioner-Appellant,

versus

U.S. BUREAU OF PRISONS;
U.S. MARSHAL SERVICE,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 4:96-CV-702
_____
September 29, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

Isa Danasabe Yusufu filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that he was a federal prisoner who was improperly incarcerated in a nonfederal facility, the Harris County Jail. Yusufu's entire argument is based on his assertion that his state and federal sentences should be served concurrently rather than consecutively. Yusufu has no

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional right to concurrent sentences.  <u>United States v. Dovalina</u>, 711 F.2d 737, 739 (5th Cir. 1983).

> Moreover, the federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion.  "A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses."  <u>Gunton v. Squier</u>, 185 F.2d 470, 471 (9th Cir. 1950).  <u>See</u> <u>Ponzi v. Fessenden</u>, 258 U.S. 254 (1922).

<u>Causey v. Civiletti</u>, 621 F.2d 691, 694 (5th Cir. 1980).  Contrary to Yusufu's assertions, there is nothing in the record to indicate that any court sentencing Yusufu did not wish to impose consecutive sentences.  Yusufu makes no argument much less a showing that he is constitutionally entitled to serve his sentences concurrently.  The district court did not err in denying Yusufu's motion under § 2241.

A F F I R M E D.